UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN E. HAYS, | ) |
| | ) No. CV-11-0010-LRS |
| Plaintiff, | ) |
| | ) **ORDER GRANTING MOTION TO** |
| vs. | ) **DISMISS** |
| | ) |
| CITY OF SPOKANE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**BEFORE THE COURT** is the Defendant's Motion to Dismiss. (ECF No. 15). This motion is heard without oral argument. (ECF No. 17). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED.** (ECF No. 15).

**I**

Mr. Ryan Hays, the plaintiff, filed a pro se complaint against the City of Spokane alleging a violation of his civil rights under the "Fourth and Fourteenth Amendments to the United States Constitution" and under 42 U.S.C. § 1983. (ECF No. 10 at 2). Mr. Hays claims in April 2005, June 2007, and August 2007, "officers of the Spokane Police Department arrested [him] without

**ORDER GRANTING MOTION TO DISMISS- 1**

probable cause or legal justification. In addition, the officers used excessive force." (ECF No. 10 at 5).

On April 2, 2005, Mr. Hayes alleges he was assaulted and then improperly arrested for malicious mischief by an officer of the Spokane Police Department. (ECF No. 10 at 2-4). Mr. Hays claims "the officer did not at any time have probable cause" to arrest him; yet, "the arresting officer pushed [his] head into a concrete wall outside the police car," arrested Mr. Hays, and booked him into jail. *Id.* at 4. After Mr. Hays spent 20 days in custody, all charges related to April 5, 2005, were dismissed. *Id.* at 3.

In June 2007, Mr. Hays alleges he was improperly arrested for criminal trespass by an officer of the Spokane Police Department. (ECF No. 10 at 4). Mr. Hays asserts he was arrested for being at his residence despite "no restraining order or other valid court order prohibiting [him] from being at that location." *Id.* Again, Mr. Hays asserts all charges related to this incident were later dismissed. *Id.*

In August 2007, Mr. Hayes alleges he was "struck by a police car," denied medical treatment, and then improperly arrested for obstruction by an officer of the Spokane Police Department. (ECF No. 10 at 4-5). "The force of the impact knocked [Mr. Hays] off [his] bicycle and onto the side walk." *Id.* at 4. After he "yelled" at the police officer, Mr. Hays states the officer

**ORDER GRANTING MOTION TO DISMISS- 2**


reversed the "police car", approached Mr. Hays and "asked if [he] had a problem." *Id*. at 4.  In response, Mr. Hays states he informed the police officer he was just hit with the police car, and asked him to call for medical attention. *Id*. at 4.  Instead of calling for medical attention, Mr. Hays asserts the officer put him in handcuffs, "threw [him] in the back of his patrol car" and "booked [him] into jail on the charge of obstruction." *Id*. Mr. Hays claims he did not obstruct the officer or commit any other crimes. *Id*. at 5.

The City of Spokane moved to dismiss Mr. Hays' complaint pursuant to FRCP 12(b)(6) and (c).  (ECF No. 15, 16).  The City of Spokane argues that each of Mr. Hays' claims is barred by the statute of limitation.  (ECF No. 16).  In response, Mr. Hays states he is filing three new charges, which are within the three year statute of limitation. (ECF No. 20).  Mr. Hays has yet to file new charges with this Court.

## II

### A. Standard for Dismissal Under FRCP 12(b)(6) and (c)

The City of Spokane moved to dismiss Mr. Hays' complaint pursuant to FRCP 12(b)(6) and (c).  (ECF No. 15, 16).  Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings.  The standard applied on Rule

12(c) and Rule 12(b)(6) motions is essentially the same. *Fleming v. Pickard*, 581 F3d 922, 925 (9th Cir. 2009).

Under both motions, a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief as a matter of law. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In reviewing a motion to dismiss, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Further, the complaint must be construed in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

**B. Failure to State a Claim Because it is Time-Barred.**

If the allegations show relief is barred by the applicable statute of limitation, the complaint is subject to dismissal for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007); *See also Fleming*, 581 F3d at 925. The statute of limitation in a § 1983 suit is that provided by the forum state for personal-injury torts.

**ORDER GRANTING MOTION TO DISMISS- 4**

*Wallace v. Kato*, 549 U.S. 384, 384, 127 S. Ct. 1091, 1092-93, 166 L. Ed. 2d 973 (2007). In Washington State, the statute of limitation for personal injury actions is 3 years. RCW 4.16.080(2). "Thus the 3-year limitation period for personal injuries under Washington law applies to this section 1983 action." *Robinson v. City of Seattle*, 119 Wash.2d 34, 86, 830 P.2d 318, 347 (1992). The statute of limitation upon a § 1983 claim, where the arrest is followed by any criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. *Kato*, 127 S. Ct. at 1094-1100.

A motion to dismiss based on the running of the statute of limitation period may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995) citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). In Washington State, a statute of limitation may be tolled during minority, incompetency, incarceration, or military enlistment of the potential plaintiff. RCW 4.16.190; RCW 38.58.090. A statute of limitation may also be tolled if the defendant fraudulently concealed the cause of action, or for other very narrow equitable reasons. *Giraud v. Quincy Farm and Chemical*, 102 Wash. App. 443, 6 P.3d 104 (2000); *Trotzer v. Vig*, 149 Wash.App. 594, 606 n.9, 203 P.3d 1056, 1062 n.9 (2009). The plaintiff has the

**ORDER GRANTING MOTION TO DISMISS- 5**

burden of establishing a factual basis for tolling the statute. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 (9th Cir. 1980).

 c. **Analysis**

 Mr. Hays alleges Officers of the Spokane Police Department violated his civil rights under the "Fourth and Fourteenth Amendments to the United States Constitution" and under 42 U.S.C. § 1983 in April 2005, in June 2007, and in August 2007. (ECF No. 10 at 2). Such **§** 1983 actions are subject to a three year statute of limitation. Mr. Hays has not, as is his "burden", pled any facts that would toll the statute of limitation. As Mr. Hays did not file his complaint with this Court until January 2011, which is more than three years from "the time the claimant [was] detained pursuant to legal process," his claims are barred by the statute of limitation.

 D. Other Causes of Action

 Claims under state law alleging false arrest or excessive force are subject to a two (2) year statute of limitations RCW 4.16.100. Therefore, to the extent such claim(s) are (or could be) asserted herein, they are barred by the passage of time.

<center>III</center>

 Defendant's "Motion to Dismiss" (ECF No. 15) is **GRANTED.**

///

//

**ORDER GRANTING MOTION TO DISMISS- 6**

**IT IS SO ORDERED.** The District Court Executive is directed to provide copies of this Order to the parties, enter judgment, and CLOSE THE FILE.

**DATED** this 13th day of October, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION TO DISMISS- 7**